IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| AILINDA FERGUSON, | ) Civil Action No.: 0-20:cv- 04074-MGL ) |
| Plaintiff, | ) ) |
| v. | ) **NOTICE OF REMOVAL** ) |
| LIDL US, LLC and JOHN DOE, | ) ) |
| Defendants. | ) ) ) |

Defendant LIDL US Operations, LLC, incorrectly identified as "LIDL US, LLC" ("Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby gives notice that it has removed from the York County Court of Common Pleas the action titled *Ailinda Ferguson v. LIDL US, LLC and John Doe*, Case No. 2020-CP-46-02461, to this Court, the United States District Court for the District of South Carolina, Rock Hill. The removal is based on the following grounds:

**A.     Timeliness of Removal**

1. On or about August 21, 2020, Plaintiff Ailinda Ferguson ("Plaintiff") commenced this civil action in York County Court of Common Pleas by filing a Summons and Complaint.

2. On October 22, 2020, Plaintiff effected service of the Summons and Complaint on the Registered Agent for LIDL, US, LLC.

3. Removal is timely as it was effected within 30 days of receipt of the Summons and Complaint by the Registered Agent. 28 U.S.C. § 1446(b)(1).

**B.     Diversity Jurisdiction**

5. Plaintiff alleges that she is a citizen of the state of South Carolina. (Compl. ¶ 1.)

6. At the time the Complaint was filed, at the time of removal, and at all intervening times, Defendant was (and is) an LLC. For purposes of determining the existence of diversity jurisdiction, Defendant's citizenship is based on the citizenship of its members. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, L.L.C.*, 535 F.3d 101, 103 (4th Cir. 2011). None of the members of Defendant are citizens of South Carolina.

7. Accordingly, the parties are completely diverse.

**C.     Amount in Controversy**

8. The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

9. Plaintiff alleges that while shopping she "slipped and fell on grapes left on the floor in the produce section of the LIDL store, Defendants did not utilize a warning sign to notify Plaintiff of the danger." (*See* Compl. ¶¶ 7-8).

10. Plaintiff alleges that Defendant was 'negligent, grossly negligent, careless, reckless, negligent per se, willful and wanton" and caused her to suffer "great and permanent physical harm and injury from slipping and falling." (*See* Compl. ¶¶ 9-10.)

11. Plaintiff also alleges Defendant's actions have caused and will cause her "to undergo arthroscopic partial medial and lateral menisectomies of the left knee surgery, much physical pain, suffering, and mental anguish." (*See* Compl. ¶ 10.) Plaintiff also alleges she "has incurred treatment expenses in an amount in excess of $10,252.00 to date as a result of this incident." (*See* Compl. ¶ 11.)

12. Plaintiff seeks to recover damages on account of the willful and wanton conduct and bad faith conduct of Defendant, as well as for past and future medical treatment, emotional

damages, compensatory damages, and "other relief as the Court may deem just and proper." (*See* Compl. ¶¶ 10-13.) Thus, it is clear that Plaintiff has asserted an entitlement to punitive damages.

13. "When a specific amount is not specified in the complaint, '[t]he object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy.'" *Stewart v. AT&T Mobility LLC*, 2011 U.S. Dist. LEXIS 92537, at *7 (D.S.C. July 21, 2011) (citing *Cannon v. United Ins. Co.*, 352 F. Supp. 1212, 1217 (D.S.C. 1973)). "Punitive damages 'must be included in the calculation of the amount in controversy.'" *Id*. at *8 (citing *Am. Health & Life Ins. Co. v. Heyward,* 272 F. Supp. 2d 578, 581 (D.S.C. 2003)). "It is the Court's experience that the plaintiff's bar rarely seeks less than ten times damages for punitive damages"; accordingly, "a claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount." *Woodward v. Newcourt Commer. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999).

14. Based on Plaintiff's allegations that she "suffered great and permanent physical harm and injury," will have to undergo future knee surgery, and that Defendant's conduct was allegedly willful, wanton, and in bad faith, the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

15. For the above reasons, the amount in controversy in this case exceeds the jurisdictional threshold in 28 U.S.C. § 1332(a) and this Court has subject-matter jurisdiction.

16. Accordingly, this case is removable under 28 U.S.C. § 1441(a).

**C.     Compliance with 28 U.S.C. § 1446**

18. A copy of all process and pleadings served upon Defendant are attached hereto as Exhibit A. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon Plaintiff through Plaintiff's counsel of record and a true and correct copy of this Notice

of Removal has been or will be filed with the Clerk of Court for York County, South Carolina, as required by 28 U.S.C. § 1446(d).

19. The Court of Common Pleas for York County, South Carolina is located within the jurisdiction of the United States District Court for the District of South Carolina, Rock Hill Division; therefore, this Court is the proper one for removal of this action.

20. Defendant has submitted the required filing fee to the Clerk of the Court.

21. By filing this Notice, Defendant does not waive any defense that may be available to it.

WHEREFORE, Defendant respectfully requests that the action now pending in the State of South Carolina, York County, Court of Common Pleas, as Case No. 2020-CP-46-02461, proceed before this Court as an action properly removed.

Dated: November 23, 2020

GORDON & REES LLP

By     s/Josh Dixon
Josh Dixon (FED 10036)
E-mail: jdixon@grsm.com
Brittany T. Bihun (FED 12704)
E-mail: bbihun@grsm.com
40 Calhoun Street, Suite 350
Charleston, SC  29401
Telephone: (843) 278-5900
*Attorneys for Defendant LIDL US Operations, LLC, incorrectly identified as "LIDL US, LLC"*

4